UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 10 CR 740 |
| MARIO NUNEZ, | ) |  |
| Defendant. | ) |  |

### MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Nunez has moved for judgment notwithstanding the verdict, or an arrest of judgment, or, alternatively, a new trial. For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

On January 26, 2010, a jury convicted Defendant of one count of possessing with the intent to distribute cocaine (Count One), one count of distribution of cocaine (Count Two), one count of possessing with intent to distribute cocaine (Count Six), and four counts of using a telephone to commit a narcotics trafficking crime (Counts Three, Four, Five, and Seven). During the course of the trial, the government introduced numerous telephone conversations intercepted pursuant to a Title III wiretap, including conversations in which Defendant spoke to his cocaine supplier, Khlong Latine; the testimony of Khlong Latine; phone summary evidence revealing hundreds of contacts between Defendant and Latine during the course of the charged conspiracy; and the testimony of law enforcement agents, including testimony regarding surveillance and a video recording of a cocaine transaction on December 7, 2009.

The evidence revealed that Defendant's father fronted Latine distribution quantities of cocaine every two to three weeks, then Latine repaid the father after he sold the cocaine. After Defendant and his father got into an argument and his father moved out of Defendant's residence, Defendant Nunez began obtaining his cocaine from Latine. Beginning in approximately March 2009, Defendant purchased between one and 4.5 ounces of cocaine from Latine every two to three weeks. Latine fronted Defendant the cocaine, and Defendant would repay him after selling it.

The government introduced a December 7, 2009 call between Defendant and Latine in which Defendant complained about the quality of the cocaine. He told Latine that the cocaine was not good and that his customers were not happy with it "'cause it's, ah, everybody's complaining, it's very weak." Latine agreed to take it back. Law enforcement observed Defendant and Latine meet later that evening in the parking lot of the Springhill Mall. Defendant had a white box when he got into Latine's truck in the parking lot. Defendant exited the truck several minutes later, carrying something in his hand. Latine testified that Defendant returned to him approximately 3 to 3.5 ounces of the cocaine because the quality was too poor to sell.

The government introduced additional intercepted calls in which Defendant asked for more cocaine for his customers, complained about the quality of some of the cocaine, discussed payment for the cocaine, and discussed the arrangements for delivering more cocaine. After law enforcement officers arrested Latine on March 1, 2010, Defendant called his father to warn him that Latine had been arrested. On March 3, 2010, when Latine was cooperating with the government, he contacted Defendant and they subsequently met. During the meeting, Latine

gave Defendant approximately 2 ounces of cocaine.

**LEGAL STANDARDS**

"A district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction." *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008); *see also United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009). A court reviewing a Rule 29 motion should "view the evidence in the light most favorable to the government and ask whether any rational jury could have found the essential elements of the charged crime beyond a reasonable doubt." *Presbitero*, 569 F.3d at 704; *see also United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010); *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010); *United States v. Bolivar*, 532 F.3d 599, 603 (7th Cir. 2008); *Moses*, 513 F.3d at 733; *United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003) ("The issue on a motion under Rule 29(c) is the same as the issue on appeal: whether the evidence, taken in the light most favorable to the verdict, permits a sensible person to find beyond a reasonable doubt that the defendant committed the crime alleged."); *United States v. Fujii*, 301 F.3d 535, 539 (7th Cir. 2002). A court will "set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *Presbitero*, 569 F.3d at 704 (quoting *Moses*, 513 F.3d at 733).

"Under Rule 33 of the Federal Rules of Criminal Procedure, a district court 'may vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005); *see also United States v. Christ*, 513 F.3d 762, 775 (7th Cir. 2008). "'[C]ourts have interpreted [Rule 33] to require a new trial in the interests of

justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.'" *United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004), *overruled on other grounds*, 546 U.S. 12, 126 S.Ct. 403 (2005) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989), with internal quotation from *Kuzniar* omitted). "'A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly.'" *Eberhart*, 388 F.3d at 1048 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). Accordingly, a court may grant a new trial if the jury's verdict is "so contrary to the weight of the evidence that a new trial is required in the interest of justice." *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) ("The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses."). "The court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)); *see also Presbitero*, 569 F.3d at 706 (quoting *Washington*, 184 F.3d at 657-58).

## ANALYSIS

**I.    Defendant is Not Entitled to Judgment of Acquittal**

Defendant first claims that he is entitled to a judgment of acquittal under Rule 29. Defendant has not met his heavy burden.

**A.    There Was Sufficient Evidence to Convict Defendant**

Defendant Nunez challenges the sufficiency of the government's evidence to convict him

on Counts 1, 4, and 5. He contends that the evidence established only a nonconspiratorial buyer-seller relationship, and not his participation in a conspiracy. As the Seventh Circuit recently noted:

> When evaluating a sufficiency of the evidence claim, "[w]e consider the evidence in the light most favorable to the prosecution, making all reasonable inferences in its favor, and affirm the conviction so long as any rational trier of fact could have found the defendant to have committed the essential elements of the crime." *United States v. Paneras,* 222 F.3d 406, 410 (7th Cir. 2000) (quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)). "Only if, from this vantage point, the record contains no evidence from which the jury could have found guilt beyond a reasonable doubt, is reversal appropriate." *Kosth,* 257 F.3d at 718. "Proving that no such evidence exists presents a nearly insurmountable hurdle to the defendant." *Fassnacht,* 332 F.3d at 447 (quoting *United States v. Hach,* 162 F.3d 937, 942 (7th Cir. 1998)).

*United States v. Vallar*, – F.3d –, 2011 WL 488877, at *10 (7th Cir. Feb. 14, 2011). Here, viewing the evidence in the light most favorable to the government, as discussed above, the government introduced more than sufficient evidence to establish Defendant's guilt. There was more than sufficient evidence to establish that Defendant was conspiring with Latine and others to distribute drugs, and not just involved in a buyer seller relationship with Latine. *See Vallar*, 2010 WL 488877, at *10; *United States v. Johnson*, 592 F.3d 749, 752 (7th Cir. 2010); *United States v. Kincannon*, 567 F.3d 893, 897 (7th Cir. 2009).

### B. The Indictment was Not Constructively Amended

Defendant contends that the indictment was constructively amended, thus entitling him to "arrest of judgment." "'A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury.'" *United States v. Crowder*, 588 F.3d 929, 938 (7th Cir. 2009), quoting *United States v. Cusimano,* 148 F.3d 824, 829 (7th Cir.1998) (internal quotation

marks omitted). "Because a constructive amendment violates the Fifth Amendment, *see United States v. Baker,* 227 F.3d 955, 960 (7th Cir. 2000), a conviction under an amended indictment should almost always be reversed." *Crowder*, 588 F.3d at 938, citing *Cusimano*, 148 F.3d at 828 n. 3.

First, Defendant argues that the government's closing argument "may have mislead the jury into believing it could convict Defendant on" a nonconspiratorial buyer-seller relationship, rather than a conspiracy. (R. 81, Def. Motion, at 6.) The Seventh Circuit recently addressed the distinction between a buyer-seller and a conspiracy:

> To convict a defendant of conspiracy, the government must prove that (1) two or more people agreed to commit an unlawful act, and (2) the defendant knowingly and intentionally joined in the agreement." *United States v. Johnson,* 592 F.3d 749, 754 (7th Cir. 2010). Attaining a conviction for conspiracy under 21 U.S.C. § 846, the relevant charge on appeal, requires proving "that the defendant knowingly agreed-either implicitly or explicitly-with someone else to distribute drugs." *Id.* But when the alleged coconspirators are in a buyer-seller relationship, "we have cautioned against conflating the underlying buy-sell agreement with the drug-distribution agreement that is alleged to form the basis of the charged conspiracy. To support a conspiracy conviction, there must be sufficient evidence of an agreement to commit a crime other than the crime that consists of the sale itself." *Id.* (internal quotation marks and citations omitted). Thus, "to prove a conspiracy, the government must offer evidence establishing an agreement to distribute drugs that is distinct from evidence of the agreement to complete the underlying drug deals." *Id.* at 755. Merely providing "evidence that a buyer and seller traded in large quantities of drugs, used standardized transactions, and had a prolonged relationship," without more, is inadequate to prove a conspiracy. *Id.* "Otherwise, the law would make any 'wholesale customer of a conspiracy ... a co-conspirator per se.'" *Id.* (quoting *United States v. Colon,* 549 F.3d 565, 569 (7th Cir. 2008)).

*Vallar*, 2011 WL 488877, at *10. The government introduced more than sufficient evidence, and argued consistent with this evidence, that Defendant participated in the conspiracy. It established that Defendant regularly communicated with his cocaine supplier, Khlong Latine, Defendant purchased 4.5 ounces of cocaine from Latine every two to three weeks, Latine

typically fronted the cocaine to Defendant who would pay Latine for the cocaine within two weeks, he purchased the cocaine in resale amounts, Defendant discussed his customers with Latine, and Defendant discussed the poor quality of the cocaine with Latine, including his customers' complaints. When Defendant's customers complained, Latine discussed the problem with Defendant Nunez and told Defendant to return the poor quality cocaine. Defendant thereafter returned it. This evidence was more than sufficient to establish Defendant's participation in the conspiracy. *Id.* at * 11 ("it is well-settled that repeated sales on credit, coupled with the fact that Vallar and Iniguez had a standardized way of doing business and evidence that Vallar would not pay Iniguez until he resold the drugs, permits the inference that Vallar conspired with Iniguez."). *See also United States v. Colon*, 549 F.3d 565, 569 (7th Cir. 2008).

Second, Defendant challenges the jury instruction that the government did not have to prove that the Defendant knew the conspiracy involved cocaine. "It is sufficient if the government proves beyond a reasonable doubt that the that the defendant knew that the conspiracy involved some type of a controlled substance." (R. 79 at 28.) Defendant asserts that this instruction permitted the jury to convict him on knowingly and intentionally distributing "a controlled substance," rather than the specific controlled substance of cocaine, thereby constructively amending the indictment.

The Seventh Circuit has made clear that "drug type and quantity are not elements of the offense.... Accordingly, a defendant may be convicted under § 841(a)(1) even if he does not know the type or quantity of the controlled substance." *United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002). *See also Untied States v. Gougis*, 432 F.3d 735, 745 (7th Cir. 2005) (same);

7

*United States v. Barlow*, 310 F.3d 1007, 1012 (7th Cir. 2002) ("Section 841(a) requires only that the defendant know that he possesses a controlled substance; it does not require that he know the type of controlled substance he possesses."). Defendant's argument fails.

## II. Defendant is Not Entitled to a New Trial

Defendant Nunez argues that he is entitled to a new trial based on the sufficiency of the evidence and based on certain jury instructions. Both arguments fail.

### A. There Was More than Sufficient Evidence to Convict Defendant Beyond a Reasonable Doubt

As discussed in detail above, there was more than sufficient evidence to convict Defendant of the conspiracy. Defendant has not raised any basis for a new trial.

### B. The Jury Instructions

Defendant objects to the following instruction, and claims that it entitles him to a new trial:

> The government is not required to introduce into evidence at trial the controlled substance allegedly possessed by defendant to sustain a conviction for counts charging conspiracy to intentionally possess with intent to distribute and to distribute a controlled substance; distribution of a controlled substance; or possession of a controlled substance with intent to distribute.

(R. 79 at 35.) Defendant concedes that the instruction is an accurate statement of the law, but claims that "the use of this jury instruction added nothing to the jury's understanding of its function, and in fact probably detracted from its truth-finding mission by mis-focusing on one non-issue." (R. 81 at 10.)

As the Seventh Circuit instructs, it "review[s] *de novo* whether jury instructions 'fairly and accurately summarize the law,' and we will reverse only if the instructions, when viewed in their entirety, so misguided the jury that they led to appellant's prejudice." *United States v.*

*Quintero,* 618 F.3d 746, 753 (7th Cir. 2010), citing *United States v. Webber*, 536 F.3d 584, 599 (7th Cir. 2008). Further, the Seventh Circuit recently noted: "We afford the district court substantial discretion with respect to the precise wording of the instruction, remembering that reversal is allowed only when the instruction as a whole insufficiently informs the jury of the law." *United States. v. Cruz-Rea*, 626 F.3d 929, 936 (7th Cir. 2010). Furthermore, in reviewing the sufficiency of jury instructions, it is important to look at the instructions as a whole "to determine whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine those issues. ... Jury instructions are sufficient if, taken together, they convey the issues fairly and accurately." *United States v. Johnson*, 584 F.3d 731, 739 (7th Cir. 2009) (citations and quotations omitted). *See also United States v. Palivos,* 486 F.3d 250, 257 (7th Cir. 2007).

The Court instructed the jury on the elements of establishing each of the charges in the Superseding Indictment. The challenged instruction – as Defendant concedes – was an accurate statement of the law. Further, the law does not require the government to introduce as evidence the controlled substance at issue. *See United States v. Manganellis*, 864 F.2d 528, 541 (7th Cir. 1988). The government can establish the controlled substance through circumstantial evidence. *See United States v. Dominguez*, 992 F.2d 681 (7th Cir. 1993). Here, the government established the controlled substance through the testimony of Khlong Latine and the intercepted wire taps. Defendant's argument fails.

## CONCLUSION

For these reasons, the Court denies Defendant's motion.

Dated: March 7, 2011

_____
AMY J. STUEVE
United States District Court Judge

9